# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Hearn, et al.,<br>  Plaintiffs,<br><br>  v.<br><br>Oriole Shipping, LLC,<br>  Defendant/Third-Party Plaintiff<br><br>  v.<br><br>McAllister Towing and Transportation, Inc.,<br>  Third-Party Defendant | CIVIL ACTION<br><br>NO. 17-2759 |

**MEMORANDUM RE: MOTION TO STRIKE THIRD-PARTY COMPLAINT AND STAY CONTRIBUTION OR INDEMNITY CLAIM PENDING ARBITRATION**

**Baylson, J.**                            **March __27__ , 2018**

## I. Introduction

Plaintiffs Kevin and Tina Hearn seek to recover for injuries Kevin Hearn sustained while climbing from the deck of a ship he was undocking, the M/V Oriole, onto the deck of a tugboat, the Teresa McAllister, waiting nearby in the waters of the Delaware River. The Hearns sued the owner of the M/V Oriole, Defendant/Third-Party Plaintiff Oriole Shipping, LLC, which in turn filed a third-party complaint against the owner of the Teresa McAllister pursuant to Fed. R. Civ. P. 14(c). The owners of the Teresa McAllister, Third-Party Defendants McAllister Towing and Transportation, Inc. and its wholly owned subsidiary, McAllister Towing of Philadelphia, Inc., now seek to strike the Rule 14(c) third-party complaint, and to stay any contribution or indemnity action pending arbitration.

As rule 14(c) is limited to "Admiralty or Maritime Claims" this Motion presents a seldom-decided issue as to whether this is a "Admiralty or Maritime Claim."

The Court **GRANTS** the motion to strike the Rule 14(c) third-party complaint without prejudice and **DENIES** the motion to stay pending arbitration.

**II.    Background**

On August 2, 2016, Plaintiff Kevin Hearn, a docking pilot, injured himself while jumping off an "accommodation ladder" from a vessel he was undocking, the M/V Oriole, onto the deck of an awaiting tug, the Theresa McAllister, in the waters of the Delaware River off Fairless Hills, Pennsylvania. (Hearn Compl. ¶¶ 6-16, ECF 1.) The M/V Oriole was owned by Defendant/Third-Party Plaintiff Oriole Shipping, LLC; the Theresa McAllister was owned by Third-Party Defendants McAllister Towing and Transportation, Inc. and/or its wholly owned subsidiary, McAllister Towing of Philadelphia, Inc. (Oriole Compl. ¶¶ 7-11, ECF 16.) Kevin Hearn was employed by McAllister Towing and Transportation, Inc. or McAllister Towing of Philadelphia, Inc. at the time of the accident. (Id. ¶ 17.)

In 2012, McAllister Towing and Transportation, Inc. entered a "Tugboat Assistance Agreement" with Eagle Shipping International (USA), LLC, a corporate parent of Oriole. (Tugboat Assistance Agr., Ex. 1 to Moore Aff., ECF 19-1.) The Tugboat Assistance Agreement contained an arbitration clause, which stated in relevant part:

> **17. LAW AND ARBITRATION**. Should any dispute arise out of this Agreement, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall by final, and judgment may be entered on any award by any court having jurisdiction.

(Id. ¶ 17.) The Tugboat Agreement also contained an indemnity provision. (Id. ¶ 9.) The Tugboat Agreement specifically provides, "This Agreement will be effective from January 1, 2012 to December 31, 2012." (Id. ¶ 2.)

In an affidavit attached to the instant motion to strike, Laura Moore, risk manager of McAllister Towing and Transportation, asserted that "[t]his arrangement…remains in effect

2

today." (Moore Aff. ¶ 9, Ex. A. to Mot. to Strike, ECF 19-1.) An ownership structure diagram attached to Moore's affidavit lists Oriole Shipping, LLC under Eagle Shipping International (USA) LLC. (Ownership Diagram, Ex. 3 to Moore Aff., ECF 19-1.)

Nothing in the record indicates whether any agreement containing an arbitration clause was in effect on the date of the accident on August 2, 2016.

### III.     Procedural History

Plaintiff Kevin Hearn and his wife, Plaintiff Tina Hearn, filed a three-count Complaint against Oriole, which contained a jury demand, in this Court on June 20, 2017. The Hearns asserted diversity jurisdiction pursuant to 28 U.S. § 1332 based on their Delaware citizenship and Oriole's status as a corporation organized under the laws of the Marshall Islands, with an agent for service of process in Connecticut. (Hearn Compl. ¶¶ 1-3, ECF 1.)

Count I asserted a "Claim of Kevin Hearn as a Seaman Against Defendant Under the General Maritime Law." (Id. ¶¶ 8-18.)

Count II was styled as an "Alternative Claim of Kevin Hearn as a Business Visitor Against Defendant Oriole Shipping, LLC under the General Maritime Law." (Id. ¶¶ 19-22.)

Count III asserted a "Claim of Tina Hearn Against Defendant Oriole Shipping, LLC" for loss of consortium. (Id. ¶¶ 23-24.)

The Hearns' Complaint did not assert admiralty jurisdiction, or mention Rule 9(h) of the Federal Rules of Civil Procedure.

On August 2, 2017 Defendant Oriole Shipping, LLC ("Oriole") filed an answer denying the allegations of the Complaint, and containing some twenty-three separate affirmative defenses. (Answer, ECF 7.)

Oriole then moved for joinder or leave to file a third-party complaint, against McAllister Towing and Transportation Company, Inc., and McAllister Towing of Philadelphia, Inc.

(collectively, "McAllister") on October 31, 2017. (ECF 14.) This motion was unopposed. (Id.) This Court granted the motion on November 27, 2017. (Order Granting Mot. for Joinder or to File Third-Party Compl., ECF 15.)

In its Third-Party Complaint, filed on November 29, 2017, Oriole asserted that the Court had admiralty jurisdiction, and that its third-party complaint asserted maritime claims to which special rules were applicable:

> This Honorable Court has subject matter jurisdiction over this Third-Party Complaint as this is a case of admiralty jurisdiction under 28 U.S.C. § 1333. Moreover, this Honorable Court has subject matter jurisdiction over this Third-Party Complaint pursuant to pendent, ancillary and supplemental (28 U.S.C. § 1367) jurisdiction because it arises out of the same transaction or occurrence that is the subject of the Plaintiff's Complaint, and Third-Party Defendants are or may be liable to Third-Party Plaintiff for all or part of the claims asserted by Plaintiffs in the original action…
>
> This Third-Party Complaint is an admiralty and maritime claim brought pursuant to Federal Rules of Civil Procedure 9(h) and 14(c) such that the Third-Party Defendants are tendered directly to Plaintiffs and Third-Party Defendants must file an Answer to the Plaintiffs' Complaint.

(Third-Party Compl. ¶¶ 3-4, ECF 16.)

As noted above, Fed. R. Civ. P. 14(c) is limited to "Admiralty or Maritime Claims."

McAllister subsequently filed a motion to strike Oriole's third-party complaint and to stay the contribution or indemnity action pending arbitration on January 9, 2018. (ECF 19.) Briefing, including a sur-reply as allowed by this Court, was completed on February 2, 2018.

Because of the uncertainty presented, the Court scheduled an unrecorded telephone conference with counsel on March 12, 2018 to discuss the procedural status of the case. During this conference, Plaintiffs' specifically stated that Plaintiffs were not claiming "admiralty" jurisdiction. The other counsel were not definitive as to their thoughts on how the case should proceed. For this reason, the Court entered an Order dated March 13, 2018 requesting counsel to

4

state their views on procedural aspects, including whether the Court must respect Plaintiffs' decision not to allege admiralty jurisdiction. Counsel submitted proposed forms of order which the Court has considered before completing this memorandum.

As an initial matter, the Court has determined that Plaintiffs specifically decline to invoke admiralty jurisdiction and this Court is bound to respect that strategic jurisdictional choice.

### IV. Legal Standard

McAllister does not specify any specific Rule of Civil Procedure pursuant to which it brings its motion to strike. Rule 14(a)(4) allows any party to "move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). Although the Third Circuit has never established a standard for considering motions to strike a third-party complaint under Rule 14(a)(4), "[c]ourts in this District have uniformly recognized the discretion to strike or sever under Rule 14." Reynolds v. Rick's Mushroom Serv., Inc., No. CIV.A. 01-3773, 2006 WL 1490105, at *4 (E.D. Pa. May 26, 2006). When considering whether to allow, or to strike, a third-party complaint, courts "consider whether the third-party complaint would 'introduce an unrelated controversy or unduly complicate the case at trial.'" Cintron Beverage Grp., LLC v. Depersia, No. CIV.A.07-3043, 2008 WL 1734184, at *1 (E.D. Pa. Apr. 14, 2008) (quoting FHF Partners v. KMA Fin. Group, LLC, No. 05-5309, 2007 WL 710287, at * 2 (E.D. Pa. Mar. 5, 2007)).

### V. Discussion

**A. Motion to Strike**

McAllister argues that Oriole did not properly bring its request for joinder under Rule 14(c) because the Hearns did not adequately assert in their Complaint that they were bringing their claims as admiralty claims under Rule 9(h). McAllister moves to strike the third-party complaint on this ground.

5

### 1. Rules applicable to Maritime Claims

Admiralty procedure and civil procedure were subject to separate procedures until their unification in amendments to the Federal Rules of Civil Procedure, effective in 1966, which "specifically authorize[d] a hybrid proceeding in which claims in admiralty and claims at law are tried together, yet distinctive maritime remedies and procedures are preserved on claims identified as being brought within the admiralty jurisdiction." Haskins v. Point Towing Co., 395 F.2d 737, 742 (3d Cir. 1968). Thus, under the current rules, when a plaintiff files a lawsuit "which sets forth jurisdictional bases of admiralty and federal question or diversity, the plaintiff has the option of pursuing that claim pursuant to either the admiralty rules or the rules of civil procedure." MacFarland v. U.S. Fid. & Guar. Co., 818 F. Supp. 108, 111 (E.D. Pa. 1993). See also Foulk v. Donjon Marine Co., 144 F.3d 252, 255 (3d Cir. 1998) ("[w]hen a federal plaintiff makes a claim in admiralty or joins an admiralty claim with another claim, certain special procedures and rules apply").

The two provisions of the Rules applicable to this case are Rule 9(h), which governs pleading rules for admiralty or maritime claims, and Rule 14(c), which sets forth rules for third-party practice in admiralty cases. A "third party claim under Fed. R. Civ. P. 14(c) can only be made with respect to admiralty claims as contemplated under Rule 9(h)." Foulk, Id. at 257. In the Third Circuit, "[t]o invoke admiralty jurisdiction…a plaintiff must affirmatively insert a statement in the pleadings identifying the claim as an 'admiralty or maritime claim.'" Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 73 (3d Cir. 1996) (quoting Fed. R. Civ. P. 9(h)); see also Greenwell v. Aztar Indiana Gaming Corp., 268 F.3d 486 (7th Cir. 2001) (Posner, J.) (describing the "purpose" of Rule 9(h) as "to enable the plaintiff to notify his opponent and the court" that he wishes to invoke "special admiralty rules"). Traditionally, there has been "no

6

right to a jury in actions instituted in admiralty." Complaint of Consolidation Coal Co., 123 F.3d 126, 132 (3d Cir. 1997).

Rule 9(h), entitled "Admiralty or Maritime Claim," sets forth pleading rules for maritime claims:

> (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9.

Rule 14, which governs third-party practice, contains special procedures for admiralty or maritime claims in Rule 14(c):

> (c) Admiralty or Maritime Claim.
>
> (1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> (2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c).

Rule 14(a), entitled "When a Defending Party May Bring in a Third Party," contains a number of general rules for third-party practice, including that "[a]ny party may move to strike the third-party claim." Fed. R. Civ. P. 14(a)(4).

### 2. Positions of the Parties

McAllister asserts that Oriole improperly brought its Third-Party Complaint under Rule 14(c) because, McAllister claims, Rule 14(c) "requires the original plaintiffs to have positively asserted that they [were] making a maritime or admiralty claim within the meaning of Rule 9(h)," which the Hearns did not do. (Mot. to Strike Third-Party Compl. at 1, ECF 19.) Specifically, McAllister argues that the Hearns did not adequately designate their claims as maritime or admiralty claims because they requested a jury trial—which would be unavailable in an admiralty case—invoked only diversity jurisdiction, rather than admiralty jurisdiction; and never mentioned Rule 9(h) in their Complaint. (Id. at 6-8.) Considered under the totality of the circumstances—and in the context of case law from numerous jurisdictions—the claims in the Hearns' Complaint, McAllister asserts, were not styled to the specifications of the Federal Rules of Civil Procedure. According to McAllister, courts considering similar facts have stricken third-party complaints improperly asserting Rule 14(c).

Oriole responds that under the Hearns' Complaint "sounded, at least in part, in maritime jurisdiction and Oriole's invocation of Rule 14(c) was therefore proper under <u>Foulk v. Donjon Marine Co.</u>, 144 F.3d 252 (3d Cir. 1998), which it deems dispositive. (Opp. to Mot. to Strike Third-Party Compl. at 3, ECF 21.) Oriole asserts that the Hearns' Complaint was brought in admiralty because Counts I and II were both brought "under the General Maritime Law," and because the Complaint referred both to Kevin Hearn's status as a "seaman" and to the alleged "unseaworthiness" of the M/V Oriole. (Id. at 7-8,) Finally, Oriole notes that McAllister did not object to Oriole's motion to bring a third-party complaint, which included the current third-party complaint brought pursuant to Rule 14(c) as an attachment (ECF 14-3). (Id. at 7.)

The Hearns did not submit briefing in support of either Oriole's or McAllister's position on the motion to strike or to stay pending arbitration.

Following the above briefing and procedure, the Court has determined that this is not admiralty case, and therefore Oriole cannot proceed under Rule 14(c).

### 3. Application

The parties sharply contest the significance of Foulk to this case, and dispute whether the Hearns adequately designated their claims as admiralty claims under the Third Circuit's requirements as set forth that case.

Foulk was an interlocutory appeal brought under 28 U.S.C. § 1292(a)(3), which allows interlocutory appeals in admiralty cases. The third-party defendants moved to dismiss the appeal, arguing that the Court of Appeals lacked jurisdiction because the plaintiff had not "invoke[d] admiralty jurisdiction" by virtue of failing to cite specifically to Rule 9(h) in his complaint. Foulk, 144 F.3d at 256.

Addressing its jurisdiction to hear the appeal under 28 U.S.C. § 1292(a)(3), a two-judge majority reviewed the circumstances of the case to resolve whether admiralty jurisdiction had been invoked. The plaintiff, a freelance diver, had been injured by a barge while diving in the course of the construction of an artificial reef. 144 F.3d at 254. Although the plaintiff had initially named the company constructing the reef and the company supplying barges as defendants, the plaintiff's amended complaint named only the barge company as a defendant; the amended complaint asserted diversity jurisdiction and asserted that the claims arose under "admiralty law," the amended complaint did not refer specifically to Rule 9(h). Id. After the barge company filed a third-party claim against the reef construction company, a magistrate judge granted the barge company's unopposed oral motion at oral argument to amend the third-

9

party claim "pursuant to Fed. R. Civ. P. 14(c)." Id. at 254-55. A final joint pre-trial order, to which the plaintiff party, asserted only admiralty law as a basis for the court's jurisdiction. Id. at 257.

The Third Circuit described the issue before it as "how specific a party must be in identifying an admiralty claim in a complaint <u>when that party is pleading alternative theories of subject matter jurisdiction</u>." Id. at 256 (emphasis added). The majority continued:

> A direct citation to Rule 9(h) is unambiguous and may be considered by some to be preferable. However, nothing in Rule 9(h) restricts the invocation of admiralty jurisdiction to a specific citation to that rule. Indeed, Rule 9(h)'s use of the word "may," instead of "must," suggests that the specific use of the words "Rule 9(h)" is not required.
>
> We conclude then that a plaintiff, invoking admiralty jurisdiction, does not need to make direct reference to Rule 9(h). The question remains, however, just how specific a reference to admiralty jurisdiction must be in order to invoke it. Our review of the facts of the present case convinces us that the pleadings, along with the parties' actions, are sufficient to invoke it.

Id. Holding that admiralty jurisdiction had been sufficiently asserted on the facts before it, the majority relied on the fact that no party opposed the original defendant's oral motion to amend the third-party claim to bring that claim under 14(c)—which the majority described as "tacit[] agree[ment]" by all parties "to pursue an admiralty claim"—and especially on the joint pre-trial order, which asserted only admiralty jurisdiction as the basis for the claims. Id. at 257 n.4.[1]

In dissent, Judge Greenberg opined that he would dismissed the appeal because the plaintiff did not cite Rule 9(h), never specifically asserted "admiralty jurisdiction" in as many words, and repeatedly requested a jury trial, which would be unavailable in an admiralty case. Foulk v. Donjon Marine Co., 144 F.3d 252, 260-65 (3d Cir. 1998) (Greenberg, J., dissenting).

---

[1] The majority went on to reverse the district court's grant of partial summary judgment on the merits of whether the plaintiff was a "seaman" under the Jones Act, which is not relevant to this case. Id. at 257-60.

10

Oriole proceeds as though <u>Foulk</u> were entirely dispositive of this case, which it is not. McAllister correctly points out numerous salient differences, most notably the fact that the Hearns never actually asserted admiralty jurisdiction and therefore did not "plead[] alternative theories of subject matter jurisdiction" as the <u>Foulk</u> plaintiff did. 144 F.3d at 256. In <u>Foulk</u>, the objection to admiralty jurisdiction appears to have been raised for the first time in the interlocutory appeal—after the unopposed oral motion to amend the third-party complaint pursuant to Rule 14(c) and after the joint pre-trial order asserting only admiralty jurisdiction. In this case, although McAllister did not oppose the motion to file a third-party complaint, McAllister moved to strike the third-party complaint as soon as it was filed; thus, the parties in this case cannot be said to have "tacitly agreed to pursue an admiralty claim" as the Third Circuit considered the litigants in <u>Foulk</u> to have done. <u>Id.</u> at 257 n.4.[2]

The question remains as to whether the fact that claims were brought "under the general maritime law," and the mentions of Kevin Hearn as a seaman and of the unseaworthiness of the Oriole, are sufficient to evince an intent to bring the claims in admiralty for purposes of Rule 9(h). Like the court in <u>Foulk</u>, this Court is obliged to "review…the facts of the present case." <u>Id.</u> at 256.

---

[2] McAllister makes much of the fact that the Hearns requested a jury trial in their Complaint, and asserts that "an important factor" in "determin[ing] whether a plaintiff adequately designated an admiralty or maritime claim pursuant to Rule 9(h)" is "whether or not the original plaintiff demanded a jury trial." (Mot. to Strike Third-Party Compl. at 7, ECF 19.) Other jurisdictions have indeed so held. <u>See, e.g.</u>, <u>Concordia Co. v. Panek</u>, 115 F.3d 67, 72 (1st Cir. 1997), ("[o]ne important factor in determining whether a claimant has elected to proceed in admiralty is whether he demanded a jury trial"). However, McAllister identifies no Third Circuit case law in which a jury demand was even considered to be a factor in whether a plaintiff sought to pursue an admiralty claim. Indeed, the <u>Foulk</u> majority—unlike the dissent—did not discuss the plaintiffs' repeated jury demands in its section regarding interlocutory maritime jurisdiction. 144 F.3d at 254-57.

District courts have held that a simple mention of the "general maritime law" is not enough to designate a claim as a maritime or admiralty claim for purposes of Rules 9(h) and 14(c). One such case was Price v. Atl. Ro-Ro Carriers, 45 F. Supp. 3d 494 (D. Md. 2014), in which a man injured in a forklift accident on a ship in Baltimore filed suit in state court against the owners of the ship and the manager under contract with the ship's owner, seeking damages under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), and damages "under the general maritime law." Id. at 500. The defendants removed to federal court on the basis of diversity jurisdiction, to which the plaintiff did not object. Id. at 513. Thereafter, the defendants sought to implead the plaintiff's employer, which the defendants asserted was responsible for operating the forklift, pursuant to Rule 14(c). Id. at 500.

The court specifically rejected the defendants' argument that the plaintiff's statement in his complaint that he brought the action "under the General Maritime Law of the United States" was a sufficient designation of the claim as an admiralty claim for the purposes of Rule 9(h):

> Here, considering the totality of the circumstances, Price did not designate his claim so as to invoke this court's admiralty jurisdiction. As an initial matter, Price makes no direct reference to Rule 9(h). While true that Price refers to "the General Maritime Law" in his prayer for relief, (Compl. 15), this is not enough.
>
> Even assuming Price's lone mention of admiralty law in the prayer for relief were a sufficient designation, the rest of Price's conduct belies an intent to proceed in admiralty. Price filed his complaint in state court and did not categorize his claim as one in admiralty or maritime jurisdiction. Nor did he assert a claim…cognizable only in admiralty. Moreover, although defendants later removed Price's claim to this court on the basis of diversity, Price "failed to object to the basis for the jurisdiction or assert the existence of alternative jurisdiction based on his admiralty claim." Perhaps most importantly, Price demanded a jury trial. In seeking a procedure unavailable to plaintiffs proceeding in admiralty, Price could not reasonably be pressing an admiralty claim. Price did not make a sufficient designation under Rule 9(h). Accordingly, defendants' attempt to implead [the third-party defendant] under Rule 14(c) is improper.

Id. at 512–13 (internal quotations and citations omitted). The court granted the third-party defendant's partial motion for summary judgment on the grounds that the defendants' Rule 14(c) motion was improper, but added in a footnote that the defendants could "still proceed with their own third-party action against [the third-party defendant] for contribution or indemnity under Rule 14(a)." Id. at 513 n.12.

Relying on Price, another district court dismissed a third-party complaint and found that a plaintiff injured on a self-propelled barge had not made the requisite Rule 9(h) designation where the plaintiff had asserted a damages claim against his former employer for "unseaworthiness" "under general maritime law." Seemann v. Coastal Envtl. Grp., Inc., No. 15-CV-2065(ADS)(AYS), 2016 WL 7388537, at *5 (E.D.N.Y. July 2, 2016). In his complaint, the plaintiff had also made a jury demand and had asserted the following basis for federal jurisdiction: "[j]urisdiction is predicated on 28 U.S.C. § 1331 pursuant to the Jones Act 46 U.S.C. § 30104, and under 28 U.S.C. § 1333 Admiralty and Maritime of Law of the United States pursuant to the doctrine of unseaworthiness and maintenance and cure." Id. at *1. After the plaintiff had filed his complaint, the plaintiff's former employer filed a third-party complaint against the barge owner pursuant to Rule 14(c). The court reviewed the "totality of the circumstances" surrounding the plaintiff's original complaint, which did not designate his claims as admiralty claims under Rule 9(h), and found that "the complaint is not entirely clear as to whether Seemann intends to invoke federal question jurisdiction or admiralty jurisdiction over his claims." Id. at *6. Ultimately, the court found that the plaintiff "did not intend to designate his claims as admiralty claims under Rule 9(h) but rather intended to proceed under federal question jurisdiction so that he would be entitled to a jury trial" and accordingly dismissed the Rule 14(c) third-party complaint as "procedurally improper." Id.

This Court finds the discussion in Price and Seeman persuasive: the Hearns' simple mention of the "General Maritime Law" and "unseaworthiness" do not constitute a Rule 9(h) designation of an "admiralty or maritime claim." Mentions in passing of Kevin Hearn's status as a "seaman" do not change this, especially where the plaintiffs asserted only diversity jurisdiction, which is consistent with their request for a jury trial.

McAllister cites cases in which a court, finding a Rule 14(c) impleader to be improper, has stricken the pleading or dismissed it as procedurally improper. See, e.g., Seemann, 2016 WL 7388537 (E.D.N.Y. July 2, 2016) (dismissing third-party complaint as "procedurally improper"); Tipton v. Gen. Marine Catering Co., No. CIV.A. 87-4647, 1989 WL 13554, at *2 (E.D. La. Feb. 13, 1989) (granting third-party defendant's motion to strike Rule 14(c) third-party demand where Rule 9(h) not properly invoked). Seemann, like Price before it, "note[d] that nothing in this decision precludes … filing a third-party action … under Rule 14(a). Nor does this decision preclude [the plaintiff] from filing a formal motion to amend the complaint to add [the third-party defendant] as a named Defendant." Seemann, 2016 WL 7388537 at *8.

This Court will therefore grant McAllister's motion to strike the third-party complaint without prejudice to Oriole's ability to file a third-party complaint pursuant to Rule 14(a), or to the Hearns' seeking to amend their Complaint.

### B. Motion to Stay Pending Arbitration

McAllister asserts that it is entitled to a stay of any contribution or indemnity action pending arbitration with Oriole pursuant to 9 U.S.C. § 3 based on the arbitration clause in the Tugboat Assistance Agreement. (Mot. to Strike Third-Party Compl. at 9, ECF 19.) In its opposition to the motion to strike, Oriole stated that it "d[id] not contest McAllister's request to

stay Oriole's Rule 14(a) direct indemnity and contribution claims against McAllister pending arbitration." (Opp. to Mot. to Strike Third-Party Compl. at 10, ECF 21.)

The Federal Arbitration Act entitles parties to a stay pending arbitration under the following circumstances:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, <u>the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement</u>, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

According to the Third Circuit, the role of a district court considering a motion to stay pending arbitration is "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." <u>Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.</u>, 247 F.3d 44, 55 (3d Cir. 2001) (affirming denial of motion to stay pending arbitration).

Potential contribution or indemnity actions by Oriole against McAllister appear to fall outside the contract in question, the "Tugboat Assistance Agreement," because Kevin Hearn's accident occurred after the expiration of the term of that contract. The Tugboat Assistance Agreement docketed in the record states that the term of the agreement was from January 1, 2012 to December 31, 2012. (Tugboat Agr. ¶ 2, Ex. 1 to Moore Aff., ECF 19-1.) Although Laura Moore attested in her affidavit that "this arrangement…remains in effect today," it is unclear whether that statement referred to the Tugboat Assistance Agreement itself (e.g., through some sort of contractual extension) or to billing practices between McAllister and Eagle Shipping LLC, which Moore had mentioned in the previous paragraph of her affidavit. (Moore Aff. ¶ 9.,

ECF 19-1.) Oriole essentially concedes arbitrability on the basis of this statement alone. There is nothing else in the record to indicate what contractual terms (if any) governed the relationship between McAllister and Eagle Shipping LLC after December 31, 2012—including, critically, on the date of the accident, August 2, 2016.

On the record before it, the Court is not satisfied that contribution or indemnity claims by Oriole against McAllister are referable to arbitration. The parties may supplement the record with additional information regarding the contractual relationship between McAllister and Oriole should they choose. At present, the motion for stay is denied.

## VI. Conclusion

The Court therefore **GRANTS** McAllister's motion to strike the Third-Party Complaint without prejudice but **DENIES** the motion to stay a contribution or indemnity claim pending arbitration. An appropriate order follows.

O:\CIVIL 17\17-2759 Hearn v Oriole Shipping\17cv2759 Memorandum re Motion to Strike.docx